**LAW OFFICES OF JOHNNY L. GRIFFIN, III**
**JOHNNY L. GRIFFIN, III (SBN 118694)**
**MANOLO H. OLASO (SBN 195629)**
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557
Fax: (916) 444-5558

Attorneys for Plaintiff YUDITH RAMOS

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUDITH RAMOS, | Case No. |
| Plaintiff, | **COMPLAINT FOR SEXUAL HARASSMENT IN WORKPLACE** |
| vs. | |
| WORK WORLD AMERICA, INC.; JACK PRICE, an individual; and DOES 1 through 50, inclusive, | 1. Sex discrimination (Title VII) 2. Retaliation (Title VII) 3. Sexual harassment (California FEHA) 4. Failure to Prevent Sexual Harassment (California FEHA) 5. Retaliation (California FEHA) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff YUDITH RAMOS, complains and alleges as follows:

## I.  JURISDICTION

1.   This Complaint seeks damages pursuant to Title 42 U.S.C. §2000e *et seq.,* for violation of Plaintiff's civil rights.  Jurisdiction is founded upon Title 28 U.S.C. §1331 and §1343(a)(4). This Court also has supplemental jurisdiction over Plaintiff's California state claims pursuant to 28 U.S.C. §1367(a).

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

1

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

## II.  VENUE

2.   Plaintiff's civil action arose in the County of Placer in California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. §1391(b)(2).

## III. INTRODUCTION

3.   This complaint alleges that a Work World store manager subjected Plaintiff to a sexually hostile work environment at the Roseville Work World store.  The harassment included demeaning comments about women, sexualizing women in the workplace, and viewing pornography in the workplace.  This harassment permanently altered Plaintiff's workplace, which resulted in Plaintiff suffering damages, including emotional distress, and resulting in Plaintiff involuntarily quitting her work.

## IV.  PARTIES

4.   Plaintiff YUDITH RAMOS (Plaintiff or RAMOS) is an adult woman and United States citizen.  Plaintiff resides in the County of Sacramento, California.  At all times relevant herein, Plaintiff was an employee of Defendant WORK WORLD AMERICA, INC. within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.)* and within the meaning of California's Fair Employment and Housing Act (Cal. Gov. Code §12900 *et seq.*).

5.   Defendant WORK WORLD AMERICA, INC. (WORK WORLD) is a for-profit corporation registered with the California Secretary of State.  The corporation owns, operates, and manages the store where Plaintiff worked.  At all times mentioned herein, WORK WORLD AMERICA, INC. is an employer within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.)* and within the meaning of California's Fair Employment and Housing Act (Cal. Gov. Code §12900 *et seq.*).

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

2

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

6.  Defendant JACK PRICE (PRICE) is an individual.  He was the store manager for a WORK WORLD store located in Roseville, California.  He was, at all times described herein, employed by WORK WORLD.  At all times mentioned herein PRICE was a supervisor within the meaning of Title VII of the 1964 Civil Rights Act (42 U.S.C. section 2000e et seq.) and the California's Fair Employment and Housing Act (Cal. Govt. Code section 12900 et seq.).  At all times described herein, PRICE was acting within the course and scope of his employment.

7.  The true names and identities of DOES 1 through 50 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of defendants DOES 1 through 50 were the predecessors of, successors of, parent entities of, subsidiaries of, joint ventures of, or partners of, Defendant WORK WORLD, and were the employers of Plaintiff.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of DOES 1 through 50 have been ascertained.

8.  Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendants WORK WORLD, PRICE, and DOES 1 through 50, and each of them, were the agents, employees, servants, parent entities, subsidiaries, joint ventures, integrated enterprises, joint employers, and/or partners, of the other Defendants named in this Complaint and that at all times, each of the Defendants was acting within the course and scope of said relationship with the other Defendants.

9.  Plaintiff alleges that the DOE defendants, and each of them, is legally responsible for the incidents and damages set forth here, and that each of said DOE defendants proximately caused said incident, injuries and damages by reason of their intentional conduct, negligence, breach of duty, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based upon agency, employment, or control, whether severally or jointly, or upon any other act or omission.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

3

## V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.  On or about February 14, 2019, Ramos filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against WORK WORLD and PRICE, alleging sexual harassment.  The charge was dual-filed with the California Department of Fair Employment and Housing.  In March 2019, the EEOC transferred processing of the charge to the California Department of Fair Employment and Housing (DFEH).

11.  DFEH conducted an investigation which concluded in early August 2020.  DFEH issued Ramos a right-to-sue notice dated August 18, 2020.  The notice advised Ramos she had one year from the date of the letter to file a court action.  The EEOC issued a right to sue notice on October 20, 2020.  The EEOC advised Ramos she had 90 days from her receipt of the notice to file a lawsuit.

12.  Ramos has exhausted her administrative remedies and fulfilled all conditions precedent to suit.

## VI.  FACTUAL ALLEGATIONS

13.  Yudith Ramos is a 28 year-old married woman who was employed by Work World in Roseville, California.  Her work involved retail workwear apparel sales, and included duties such as restocking merchandise, helping store customers, and operating the cashier station at the point of sale.

14.  Ramos began her employment with Work World on January 31, 2016.  Her immediate supervisor was store manager, and defendant, Jack Price.  As supervisor, Price had power to control Ramos' work schedule, her work duties, and her rate of pay.

15.  Shortly after joining Work World, Ramos noticed the following things about Price: that he was moody, that he held grudges against people for perceived slights, that he yelled at people for

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

4

petty things, that he frequently argued with other employees, and that he criticized other employees behind their backs. Price also frequently talked about the guns he owned. Price's mood swings and his frequent talk of guns made Ramos concerned about being at work with Price.

16. Ramos also noticed the following about Price: when young women entered the store, he would stare at their bodies and comment that they were "hot" or had a "nice body." Price would also make comments that he was having sex problems, he talked about sex enhancement pills, and he kept a bottle of male enhancement pills in view at the workplace. Ramos was disgusted and offended by these behaviors.

17. Ramos also learned from fellow employee Monica Dunievitz (Dunievitz) that Price had been investigated by Work World for looking at pornography on a work computer in the presence of a minor age female employee. Then, in approximately early April 2018, Ramos noticed pornography pop-up warnings on the work computer screen. Ramos showed Dunievitz the pop-up and asked Dunievitz if that refers to porn. Dunievitz saw the pop-up warning and confirmed that the warning related to pornography. Ramos and Dunievitz discussed the matter and suspected that Price had been looking at pornography websites on the work computer based on the prior investigation in which Price was suspected of visiting porn sites on the work computer.

18. Ramos and Dunievitz decided that because upper management favored Price, they would have to have evidence besides a pop-up warning so that management would take their complaint seriously. Over the course of several months, Ramos and Dunievitz monitored the computer but did not see anything related to pornography. Then, on August 17, 2018, Ramos found pornography links on the browser history on the work computer. Ramos photographed the browser history and then clicked on one of the links. The link led her to a webpage with young-looking naked women on it. Ramos showed Dunievitz the browser history and the pornography webpage that resulted from pressing a link in the history. Ramos and Dunievitz were disgusted by what they saw.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

19.  Ramos and Dunievitz were afraid of retaliation from Work World, so they decided that Dunievitz would place an anonymous call to Work World headquarters to advise that Price had been looking at pornography on a work computer.

20.  Dunievitz made this call in the morning on or about August 20, 2018.  Later that morning, a general manager named Geneva arrived at the Work World store and told Ramos that she (Geneva) was there to investigate a complaint about inappropriate computer use.  Geneva found that porn sites had been visited on the work computer, but she implied that Ramos was the one visiting the porn sites.  Ramos denied it and told Geneva that Price was the one visiting porn sites. Because Geneva had accused Ramos of something she did not do, and because Ramos did not feel safe working with Price, Ramos told Geneva she would quit working immediately (Ramos was scheduled to work with Price the following day, and she did not feel safe being around him).

21. Ramos told Geneva that she did not feel safe at work when Price was there, that she had to work alone with Price the next day, and so she would quit immediately.  Geneva, instead of telling Ramos to not quit, and that her safety would be protected while they investigated the matter further, did nothing to assure Ramos that Work World would take steps to protect Ramos.  Geneva asked Ramos if she was sure she wanted to quit, and Ramos said yes.  Ramos' last day at Work World was August 20, 2018.

## VII.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Discrimination—Sexual Harassment**
(Title VII of the 1964 Civil Rights Act; 42 U.S.C. §2000e *et seq.*)
(Against Defendant WORK WORLD AMERICA, INC. and DOES 1 through 50)

22.  Ramos re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

6

23.  Defendant's act and/or omissions alleged herein subjected Plaintiff to a hostile work environment in violation of her rights under Title VII of the 1964 Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

24.  Ramos was subjected to unwelcome, severe or pervasive conduct because of her sex. The conduct was created an intimidating, hostile, or abusive work environment.

25.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Retaliation**
(Title VII of the 1964 Civil Rights Act; 42 U.S.C. §2000e *et seq.*)
(Against Defendant WORK WORLD AMERICA, INC. and DOES 1 through 50)

26.  Ramos re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein.

27.  Defendant retaliated against Ramos for reporting and opposing sexual harassment. The retaliation includes impliedly accusing Ramos of workplace misconduct and failing to assure Ramos that she would be protected from Price, who had already exhibited angry behavior towards Ramos.

28.  As a direct and proximate result of Defendant's conduct, Ramos has suffered and will continue to suffer mental anguish and emotional distress.  Ramos is entitled to general and compensatory damages in amounts to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Sexual Harassment**
(Fair Employment and Housing Act; Cal. Gov. Code §12900 *et seq.*)
(Against all Defendants)

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

7

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

29.  Ramos re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein.

30.  The acts and/or omissions of all named Defendants' and DOES 1 through 50 alleged herein subjected Ramos to a hostile work environment in violation of her rights under the California Fair Employment and Housing Act (Cal. Gov. Code §12940).

31.  Ramos was subjected to unwelcome, severe and pervasive verbal and visual conduct because of her sex. The conduct created an intimidating, hostile, or abusive work environment.

32.  As a direct and proximate result of Defendants' conduct, Ramos has suffered and will continue to suffer mental anguish and emotional distress.  Ramos is entitled to general and compensatory damages in amounts to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**Failure to Prevent Sexual Harassment**
(Fair Employment and Housing Act; Cal. Gov. Code §12940(k))
(Against Defendant WORK WORLD AMERICA, INC. and DOES 1 through 50)

33.  Ramos re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein.

34.  Defendant's acts and/or omissions alleged herein including, but not limited to, failing to prevent and/or end Price's harassment subjected Ramos to sexual harassment in violation of the California Fair Employment and Housing Act, Cal. Gov. Code §12940(k).

35.  As a direct and proximate result of said acts and/or omissions by Defendant, Ramos suffered unreasonable interference with her personal liberty.

36.  As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

**FIFTH CLAIM FOR RELIEF**
**Retaliation**
(Fair Employment and Housing Act; Cal. Gov. Code §12940(h))
(Against Defendant WORK WORLD AMERICA, INC. and DOES 1 through 50)

37.  Ramos re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein.

38.  Defendant retaliated against Ramos for reporting and opposing sexual harassment. The retaliation includes impliedly accusing Ramos of workplace misconduct and failing to assure Ramos that she would be protected from Price, who had already exhibited angry behavior towards Ramos.

39.  A causal connection exists between Ramos's opposition to sexual harassment in the workplace and the adverse actions taken against her by her employer.

40.  As a direct and proximate result of Defendant's conduct, Ramos has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, compensatory, and punitive damages in amounts to be proven at trial.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.  For compensatory, general, and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2.  For punitive and exemplary damages against each Defendant, only as allowed by law, in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

3.  For costs and reasonable attorneys' fees pursuant to Title 42 U.S.C. § 2000e-5(k), California Government Code §12965(b), and as otherwise authorized by statute or law;

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

9

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

4.  For such other appropriate relief, including injunctive and/or declaratory relief.

**JURY TRIAL DEMAND:**  Plaintiff YUDITH RAMOS demands trial by jury.

Dated: August 19, 2021                    Respectfully submitted,

                                          /s/ Johnny L. Griffin, III
                                          JOHNNY L. GRIFFIN, III
                                          Attorney for Plaintiff YUDITH RAMOS

Yudith Ramos v. Work World America, Inc., et al.
Complaint of Workplace Sexual Harassment

10

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200, Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com