UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YUDITH RAMOS,

          Plaintiff,

    v.

WORK WORLD AMERICA, INC., et al.,

          Defendants.

No.  2:21-cv-01490-JAM-JDP

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Work World America, Inc.'s ("Defendant") motion to dismiss.  Mot., ECF No. 5.  Yudith Ramos ("Plaintiff") filed an opposition.  Opp'n, ECF No. 14.  Defendant replied.  Reply, ECF No. 15.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss.[1]

I.   BACKGROUND

Defendant employed Plaintiff as a retail salesperson at its Roseville, California store from January 2016 to August 2018.  Compl. ¶¶ 13-14, 21, ECF No. 1.  Plaintiff and a co-worker,

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for January 25, 2022.

1

Monica Dunievitz ("Dunievitz"),[2] allege their direct supervisor, Jack Price ("Price"), subjected them to a sexually hostile work environment.  Opp'n at 2.  Among other things, Price commented on the bodies of young female customers, openly talked about his sex problems and displayed male enhancement pills in the workplace, and viewed pornography from his work computer.  Compl. ¶¶ 16-17.

On August 20, 2018, Dunievitz placed an anonymous call to Work World headquarters to report that Price had been viewing pornography on a work computer.  Id. ¶¶ 19-20.  Defendant sent a general manager to investigate, who found that porn sites had been visited but implied Plaintiff had accessed the sites.  Id. ¶ 20.  Plaintiff told the investigator it was not her but Price, and that she did not feel safe working with him.  Id. ¶¶ 20-21.  The investigator did not assure Plaintiff that Work World would take steps to keep her safe, so Plaintiff quit.  Id. ¶ 21.

On February 14, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Work World and Price, alleging sexual harassment.  Id. ¶ 10.  The charge was dual-filed with the California Department of Fair Employment and Housing ("DFEH").  Id.  In March 2019, the EEOC transferred processing of the charge to DFEH.  Id.  DFEH's investigation concluded in early August 2020.  Id. ¶ 11.  DFEH issued Plaintiff a right-to-sue notice on August 18, 2020, and EEOC issued a right-to-sue notice on October 20, 2020.  Id.

---

[2] Dunievitz, represented by the same counsel as Plaintiff, brings a nearly identical action against Defendant.  See Dunievitz v. Work World America, Inc. et al., No. 2:21-cv-01489-JAM-JDP (E.D. Cal. 2021).

1    On August 19, 2021, Plaintiff filed the present lawsuit.

2    See generally Compl.  Plaintiff asserts five claims: (1) sex

3    discrimination under Title VII; (2) retaliation under Title VII;

4    (3) sexual harassment under California's Fair Employment and

5    Housing Act ("FEHA"); (4) failure to prevent sexual harassment

6    under FEHA; and (5) retaliation under FEHA.  Id.  Defendant moves

7    to dismiss.  See generally Mot.

8                              II.   OPINION

9        A.   Legal Standard

10   Dismissal is appropriate under Rule 12(b)(6) of the Federal

11   Rules of Civil Procedure when a plaintiff's allegations fail "to

12   state a claim upon which relief can be granted."  Fed. R. Civ.

13   P. 12(b)(6).  "To survive a motion to dismiss a complaint must

14   contain sufficient factual matter, accepted as true, to state a

15   claim for relief that is plausible on its face."  Ashcroft v.

16   Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and

17   citation omitted).  While "detailed factual allegations" are

18   unnecessary, the complaint must allege more than "[t]hreadbare

19   recitals of the elements of a cause of action, supported by mere

20   conclusory statements."  Id.  "In sum, for a complaint to

21   survive a motion to dismiss, the non-conclusory 'factual

22   content,' and reasonable inferences from that content, must be

23   plausibly suggestive of a claim entitling the plaintiff to

24   relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.

25   2009).

26       B.   Analysis

27            1.   Title VII Claims

28   Plaintiff brings two federal claims: (1) "Discrimination-

                                   3

1    Sexual Harassment" under Title VII and (2) "Retaliation" under

2    Title VII.  Compl. at 6-7.  Defendant argues both claims are

3    barred by the statute of limitations because Plaintiff did not

4    file this action within 90 days of receiving her right-to-sue

5    letters.  Mot. at 2-5.

6         A plaintiff has 90 days after receipt of a right-to-sue

7    notice from the EEOC within which to commence a civil action

8    based on the charges filed.  See 42 U.S.C. § 2000e-5(f)(1).

9    Failure to commence suit within the 90-day period is grounds for

10   dismissal of the action.  Missirlian v. Huntington Memorial

11   Hospital, 662 F.2d 546, 549 (9th Cir. 1981); see also Von Saher

12   v. Norton Simon Museum of Art at Pasadena, 592 F. 3d 954, 969

13   (9th Cir. 2010).

14        Here, DFEH issued Plaintiff a right-to-sue notice on August

15   18, 2020, and the EEOC issued a right-to-sue notice on October

16   20, 2020.  Compl. ¶ 11.  Plaintiff filed the present action on

17   August 19, 2021.  Because over 90 days passed before this suit

18   commenced Plaintiff's Title VII claims are barred.  Plaintiff

19   does not dispute this in opposition.  See generally Opp'n.

20   Indeed, Plaintiff clearly states in a footnote that she "does not

21   seek to apply equitable tolling to her Title VII claims for which

22   she sought an administrative remedy through EEOC."  Id. at 6,

23   n.3.  The Court therefore grants Defendant's motion to dismiss as

24   to these claims.  Finding amendment would be futile, the Court

25   dismisses these claims with prejudice.  See Deveraturda v. Globe

26   Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

27             2.   Remaining State FEHA Claims

28        Having dismissed Plaintiff's only federal claims, the Court

declines to exercise supplemental jurisdiction over her
remaining state FEHA claims.  A district court may sua sponte
decline to exercise supplemental jurisdiction over pendant state
law claims if it "has dismissed all claims over which it has
original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Acri
v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997)
("in the usual case in which all federal law claims are
eliminated before trial, the balance of factors . . . will point
toward declining to exercise jurisdiction over the remaining
state-law claims.").  The Court agrees with Defendant that here
there is no good reason to retain jurisdiction over the FEHA
claims.  Reply at 4; see also Opp'n at 8, n.4.

III.   ORDER

For the reasons set forth above, the Court GRANTS
Defendant's motion to dismiss Plaintiff's first and second claims
under Title VII WITH PREJUDICE.  The Court declines to exercise
supplemental jurisdiction over the remaining state law claims.

IT IS SO ORDERED.

Dated: January 28, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE